*In re* FULLER'S ESTATE.

FULLER *v.* FULLER.

1. WILLS—CONSTRUCTION—INTENT.

The primary object in the construction of a will is to determine the intention of the testator and to effectuate his intention in so far as it is legally possible to do so.

2. STATE—WILLS.

It may not be inferred that a department of State government would lend itself to the perpetration of a scheme whereby the will of a testator would be circumvented rather than carried out.

3. WILLS—CONSTRUCTION—LIFE INTEREST—FEE TITLE.

Where testator owned the south half of a quarter section and 140 acres of other land in his own name and the north half and 47¼ acres of other land were owned jointly by testator and his wife, bequest to her of life use in south half and entire interest of his real and personal estate on condition that the entire quarter section pass to and belong to the conservation department of the State by deed she was to execute within a year of the probate of his estate in which she was to reserve a life interest in herself and providing that the State was not to be "limited as to title or use" thereof vested the State with a transferable fee subject to her transferable life estate upon execution of formal accept‐ ances of the will and the necessary conveyances.

4. SAME—COMPLIANCE WITH BEQUEST.

The State as owner of the fee to property subject to life interest in widow of testator has a legal right, as has she, to sell or convey the whole or any part of respective interest in land after title has vested in compliance with testator's bequest, and such conveyances, in the absence of fraud, will not be disturbed at instance of one who would share in testator's estate in case terms of bequest were not complied with.

---

Power of a life tenant to dispose of his life estate, see 1 Restate‐ ment, Property, § 124, comment b.

Power of remainderman to transfer his interest, see 2 Restatement, Property, § 162.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 14, 1941. (Docket Nos. 109, 110; Calendar Nos. 41,416, 41,417.) Decided April 8, 1941.

In the matter of the estate of Mortimer S. Fuller, deceased. Frank H. Fuller appealed from order of the probate court allowing the final account of May W. Fuller, executrix, and distributing said estate. Bill by Frank H. Fuller against May W. Fuller and State of Michigan to construe the will. Cases consolidated for hearing. From decree for plaintiff, and order reversing the probate court, defendants appeal. Reversed.

*Lewis R. Williams* and *Harvey & Fisher,* for plaintiff.

*David Anderson, David Anderson, Jr.,* and *Harry C. Howard,* for defendant May W. Fuller.

*Herbert J. Rushton,* Attorney General, and *L. H. Bibby,* Assistant Attorney General, for defendant State of Michigan.

SHARPE, C. J. Plaintiff, Frank H. Fuller, filed a bill of complaint to construe the will of his brother Mortimer S. Fuller, deceased. The facts are not in dispute. Mortimer S. Fuller died July 29, 1937. His will executed November 5, 1930, and codicils executed March 31, 1931, and January 15, 1935, were admitted to probate.

The paragraphs of the will involved in this case read as follows:

IV.

"I am the owner, in my own name, of the title to the land described as: The south half of the south-

east quarter of section 22, town 2 south, range 15 west, being the township of Arlington, Van Buren county, Michigan; and also, of the east 60 acres of the south half of the northeast quarter; and of the north half of the northeast quarter of section 6, town 3 south, range 13 west, being the township of Antwerp, Van Buren county, Michigan. I am joint owner, with my wife, May W. Fuller, of the north half of the southeast quarter of section 22, Arlington township, and my wife and myself are also joint owners of other parcels of real estate, containing 47¼ acres. I am advised that my said wife, if I leave no will would inherit ½ of all of said real estate standing in my name, and that she has one year from the probate of my will to make her election whether she shall accept this will or accept the provisions of the laws of Michigan as to my estate. Therefore, on condition that my said wife accepts and abides by the terms of this will she shall have the full use, during her lifetime, of the said south half of the southeast quarter of section 22, of Arlington township, and she shall be absolute owner of said land described as being in Antwerp township, and the absolute owner of all the rest and residue of my estate, real and personal, after the above specific legacies are paid. This bequest to her is upon the express condition that after her death the south half of the southeast quarter of section 22 above described, and also the north half of said quarter section, being the entire 160 acres, shall pass to and belong to the conservation department of the State of Michigan. My said wife shall, within one year after the probate of this estate, execute and deliver to the said conservation department of the State of Michigan a deed to the north half of the southeast quarter of section 22 of Arlington township, retaining, however, the full use and control thereof to herself during her lifetime.

"The conservation department is bequeathed the entire use and ownership of said lands, the title

thereto to be in said department or in the State of
Michigan, or in such other manner as will best carry
out the purposes and desires of said conservation
department, in said real estate. It may be used by
said department, or by any other department of the
State of Michigan, for educational purposes, or for
reforestation, game preserve, experiment station,
or any other purposes to which the said department,
or the State of Michigan may desire to appropriate
the same, it being the intent of this bequest that the
State of Michigan is not limited as to title or use of
said real estate.

## V.

"In case the conservation department or other
proper authority of the State of Michigan refuses
to accept this legacy; or, in case my said wife
refuses to abide by this will, or fails within one year
to execute deed, as above required, of the north 80
acres of the southeast quarter of section 22, Ar-
lington township, then all the provisions of this will,
except the specific legacies to Merrill S. Fuller and
True A. Chandler, Walter Coffinger and James L.
Webb, and also except the provision for the life use
of the south half of the southeast quarter of sec-
tion 22 of Arlington township, shall be null and void,
and with the exceptions herein specified, all of my
property, real and personal, shall descend to my
heirs at law, the same as though no will had been
made."

During the lifetime of Mortimer S. Fuller, the
160 acres involved in this cause were owned as fol-
lows: The north 80 acres were jointly owned by
Mortimer S. Fuller and wife, while the title to the
south 80 acres was in the name of Mortimer S.
Fuller, but not jointly with his wife.

On August 3, 1937, the attorney for Mrs. Fuller
wrote the department of conservation inclosing a
copy of paragraphs 4 and 5 of the will, and stating:
"Mrs. Fuller is very favorable to these provisions

of the will, and quite anxious to carry out its provisions.'' On August 30, 1937, the will was admitted to probate by the probate court of Van Buren county and Mrs. Fuller was appointed administratrix with will annexed of the estate. On August 31, 1937, Mrs. Fuller executed her election to abide by the provisions of the will and also executed a warranty deed to the State of Michigan of the north 80 acres, reserving to herself a life interest.

In January, 1938, Mrs. Fuller made a trip to Lansing and consulted with an official of the conservation department. She suggested to the department that she would give it immediate possession of the timber lot which consisted of the west 60 acres of the north 80 acres and the west 20 acres of the south 80 acres; and it in return was to deed to her the east 20 acres of the north 80 acres and the east 60 acres of the south 80 acres. Under date of February 15, 1938, the department of conservation wrote to Mrs. Fuller's attorney advising him of its acceptance of the legacy and of Mrs. Fuller's proposition.

As a result of these negotiations, on March 25, 1938, Mrs. Fuller executed a quitclaim deed to the State of Michigan conveying all her right, title and interest in the 80 acres agreed upon. On the same day, this deed and the warranty deed dated August 31, 1937, were mailed to the conservation department. They were recorded in the register of deeds office on June 13, 1938.

On June 6, 1938, the department of conservation forwarded to Mrs. Fuller a deed from the State of Michigan conveying to her its interest in the 80 acres agreed upon. This deed was recorded June 20, 1938.

On June 17, 1938, the acceptance of the department of conservation to the terms of the will and Mrs. Fuller's election to abide by the provisions of the will were filed in the probate court.

About June 13, 1938, Mrs. Fuller filed her final account as administratrix with will annexed of the estate of Mortimer S. Fuller and an *ex parte* order was entered allowing the account. Within 90 days from the entry of the above order, the probate court upon petition of Mrs. Fuller and Frank H. Fuller set aside the above order allowing administratrix' final account and the final account was advertised for hearing in the regular way.

After a hearing upon the final account, the probate court held that: "The provisions of the will as to time, relative to making elections, are found to have been complied with by the State of Michigan and May W. Fuller, and title vested in these parties."

Plaintiff filed an appeal to the circuit court and later filed his present bill of complaint. Both cases were heard together. The trial judge entered an order reversing the order of the probate court and entered a decree setting aside the deeds of Mrs. Fuller to the State of Michigan and the deed of the State of Michigan to Mrs. Fuller; and ordered that the estate should be distributed in accordance with paragraph 5 of the will.

Defendants appeal and contend that the defendant May W. Fuller and the defendant State of Michigan did comply with the terms and conditions of paragraph 4 of the will of Mortimer S. Fuller, deceased; and that the property passed to said defendants by virtue of paragraph 4 as contained in said will.

It is urged by plaintiff that paragraph 4 of the will contains the following conditions precedent:

1. "Therefore, on condition that my said wife accepts and abides by the terms of this will she shall have the full use, during her lifetime, of the said south half of the southeast quarter of section 22, of Arlington township, and shall be absolute owner

of said land described as being in Antwerp township, and the absolute owner of all the rest and residue of my estate, real and personal, after the above specific legacies are paid."

2. "This bequest to her is upon the express condition that after her death the south half of the southeast quarter of section 22, above described, and also the north half of said quarter section, being the entire 160 acres, shall pass to and belong to the conservation department of the State of Michigan."

3. "My wife shall, within one year after the probate of this estate, execute and deliver to the said conservation department of the State of Michigan, a deed to the north half of the southeast quarter of section 22, Arlington township, retaining, however, the full use and control thereof to herself during her lifetime."

In deciding this case we have in mind that, "The primary object in the construction of a will is to determine the intention of the testator." *Loomis* v. *Laramie,* 286 Mich. 707. And "It is the duty of courts to effectuate the intention of the testator as to the disposition of his property, in so far as it is legally possible." *In re Richard's Estate,* 283 Mich. 485. In the case at bar the validity of the will is not questioned by any of the interested parties.

The question, as we view it, may be stated as follows: Were the conditions named in the will carried out? To answer this question, we must determine the intent of the testator. It is plain that the testator intended that the widow would not file any statutory rejection of the will and would accept thereunder and carry out his intent and purposes. Testator also wanted his widow to convey her title to the north 80 acres to the State of Michigan reserving to herself a life estate therein; and he intended that the conservation department should

eventually become the owner of the entire 160 acres. He expressly stated: "It being the intent of this bequest that the State of Michigan is not limited as to title or use of said real estate." He suggested, but did not limit, certain uses to which the real estate might be put; and stated: "or any other purposes to which the said department, or the State of Michigan may desire to appropriate the same."

An examination of the record shows that on August 31, 1937, the widow executed a formal acceptance of the will; that on February 28, 1938, the department of conservation, likewise, executed a formal acceptance of the will; that on August 31, 1937, the widow executed a deed of the north 80 acres to the State of Michigan as was required by the will; that both of the acceptances were filed in the probate court on June 17, 1938; that the deed of the north 80 acres was recorded June 13, 1938; and that all of these acts were performed within the time prescribed by the will.

It is urged that the acceptances were not made in good faith, but were made with an intent to circumvent the provisions of the will. An examination of the record does not sustain such a theory. Moreover, we may not infer that a department of State government would lend itself to such a proposition.

Citation of authority is unnecessary for the proposition that the widow, as owner of the life estate in the property, could sell or convey all or any part of her interest to any person or to the State of Michigan; and it likewise can be said that the conservation department, as owner of the fee subject to the life estate, could also dispose of its interest. Each had a legal right to do what was done in this case; and, in the absence of fraud, such conveyances will not be disturbed.

The decree of the circuit court and the order in the probate appeal are reversed, with costs to defendants.

Bushnell, Boyles, North, McAllister, Wiest, and Butzel, JJ., concurred. Chandler, J., did not sit.